UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIS SOLIS-CACERES,

    Petitioner,

v.                                        Case No. 8:09-CV-539-T-27TGW
                                            Crim. Case No. 8:06-CR-481-T-27TGW

UNITED STATES OF AMERICA,

    Respondent
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (CV Dkt. 1), the Government's response in opposition (CV Dkt. 10), and Petitioner's answer to the Government's response in opposition (CV Dkt. 14). After consideration, it is apparent that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody is untimely. Accordingly, it is DISMISSED.

## PROCEDURAL BACKGROUND

Petitioner was charged in a two count Indictment with knowingly and willfully conspiring to possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C §§ 70503 (a) and 70506 (a) and (b), and 21 US.C. § 960 (b)(1)(B)(ii), and with knowingly and intentionally, while aiding and abetting each other and other persons, possessing with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C §§ 70503(a) and 70506(a), 18 U.S.C. § 3, and 21 U.S.C. § 960 (b)(1)(B)(ii). (CR Dkt. 8).

-1-

On November 23, 2007, Petitioner pleaded guilty to Count One of the Indictment pursuant to a plea agreement. (CR Dkt. 117). Count Two of the Indictment was dismissed pursuant to the Plea Agreement. (CR Dkt. 117). On February 19, 2008, Petitioner was sentenced to 210 months imprisonment followed by five years of supervised release, a sentence at the low end of the applicable guideline range, consistent with the Government's recommendation of a "low end" sentence. (CR Dkt. 158). Petitioner did not appeal.

In his motion, Petitioner raises two grounds, one directed at counsel's advice concerning his guilty plea and Plea Agreement, and the other directed at counsel's performance during sentencing. Included in Ground Two are three distinct allegations of ineffective assistance of counsel during the sentencing hearing. In his motion, Petitioner contends:

> **Ground One**: "Counsel's erroneous advice caused Caceres to enter into a plea agreement in lieu of pleading open." (CV Dkt. 1, p. 4);
>
> **Ground Two:** "Counsel's failure to adequately defend his client at sentencing subjected Caceres to an enhanced term of imprisonment." (CV Dkt. 1, p. 5); Counsel was ineffective when he "was silent with regards to the Government's assurance that it would not actively prevent the application" of the safety valve (CV Dkt. 2, p. 16); Counsel was ineffective when he failed "to make a comparison" between Petitioner and other members on the vehicle "as instructed by precedence." (CV Dkt. 2, p. 18).

## TIMELINESS

Respondent contends that Petitioner's motion to vacate is untimely. Petitioner's conviction became final on March 3, 2008, when his time to appeal expired. *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999). Petitioner had one year within which to file a Section 2255 motion. 28 U.S.C. § 2255 (f). Petitioner filed the instant § 2255 motion to vacate on March 23, 2009, beyond the one year limitation period.

Petitioner is incarcerated at FCI Ashland, Kentucky. According to Petitioner, he delivered the envelope containing his initial motion to vacate and supporting memorandum to prison officials

on February 18, 2009, by placing it "in the Institutional Mailbox" (CV Dkt. 3, ¶ 2; CV Dkt. 14, p. 3). The motion was sent via certified mail. (Id.) The envelope was addressed:

> Clerk of the District Court
> P.O. Box 4399
> Jacksonville, Florida 32201-4399

Petitioner explains that he obtained this address from the "Government Phone Book USA, 14th Edition," which was in the prison law library (CV Dkt. 3 ). According to Petitioner: "This book was used by the Petitioner to locate the address for the U.S. District Court for the Middle District of Florida, Tampa Division, the court having jurisdiction over the instant matter." In his Reply, Petitioner asserts that he addressed the motion to the "Clerk of the District Court for the Middle District of Florida." (CV Dkt. 14, p. 3).

According to the phone book Petitioner used, however, the address Petitioner used was for the Chief Pretrial Services Officer in Jacksonville, not the Clerk of the District Court in the Tampa Division. (CV Dkt. 3, Ex. 1, p. 736). Predictably, the envelope was returned to Petitioner on March 17, 2009, marked "Not Deliverable As Addressed Unable To Forward." The post office box to which it had been sent was closed. Petitioner immediately "re-mailed" the motion, again by certified mail, this time correctly addressed (CV Dkt. 3, ¶ 6). That motion was filed on March 23, 2009, fourteen days after the one year limitation period expired.

Anticipating that his motion would be considered untimely because it was received after the limitation period ended, Petitioner contends that he should receive the benefit of the mailbox rule because he relied on information in the prison law library to obtain the address of the Clerk and

placed the initial motion in the hands of prison officials before the limitation period expired.[1] If the mailbox rule is not available to Petitioner, his § 2255 motion is untimely.

Under the mailbox rule, a motion to vacate is deemed filed when the prisoner delivers it to prison authorities for mailing. *Adams v. United States*, 173 F.3d at 1341; *Dean v. Sec'y for the Dep't of Corr.*, 361 Fed.Appx. 38, 39 (11th Cir. 2010). However, to gain the benefit of the mailbox rule, a prisoner must do "all that he can reasonably do to ensure that documents are received by the clerk of court in a timely manner," including properly addressing the outgoing mail and affixing sufficient postage. *Thompson v. Raspberry*, 993 F.2d 513, 514 (5th Cir. 1993); *United States v. Clay,* 2007 WL 4336356 (N.D. Ga. Dec. 6, 2007)(citing *Dison v. Whitley*, 20 F.3d 185, 186-87 (5th Cir. 1994)).

Respondent contends that the mailbox rule should not apply because Petitioner "chose to use the prison's general correspondence mailing system instead of using the prison's legal mail system . . . and because he addressed the motion to a closed post office box located in a different city than the federal district court of his conviction." (CV Dkt. 10, p. 7). Respondent relies on Rule 3(d), Rules Governing Section 2255 Proceedings, which requires an inmate to use the prison's legal mail system, if one is available, in order to gain the benefit of the mailbox rule (CV Dkt. 10). Respondent argues that since Petitioner failed to use the prison's legal mail system, and failed to correctly address his mail, his motion should be considered filed when it arrived at the clerk's office rather than when it was originally delivered to prison officials on February 18, 2009.

The Rules Governing Section 2255 Proceedings govern whether Petitioner's initial mailing was timely. *See Michel v. United States*, 519 F.3d 1267, 1272 (11th Cir. 2008). Rule 3(d), Rules Governing Section 2255 Proceedings, incorporates the "mailbox rule," conditioned, however, on

---

[1] *Adams v. United States*, 173 F.3d at 1341( "*pro se* prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing."); *Houston v. Lack*, 487 U.S. 266, 275 (1988).

the inmate using the institution's prescribed legal mail system, if one is available. Rule 3(d) provides that "a paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule."

Respondent's attachments establish that FCI Ashland has a legal mail system available to inmates, which, if utilized, results in the mail being date and time stamped, demonstrating that mail is sent in accordance with the institution's legal mail procedures.[2] Respondent points out that the envelope returned to Petitioner as undeliverable does not contain the "legal mail stamp" used for legal mail by the mailroom at FCI Ashland.[3] Petitioner acknowledges he did not use the prison's legal mail system.

Petitioner did not comply with Rule 3(d). He did not use the prison legal mail system available at FCI Ashland. Rather, by his own admission, he used the prison's general correspondence mailing system (CV Dkt. 14, p. 4). Accordingly, he does not receive the benefit of the mailbox rule, as incorporated into Rule 3(d), Rules Governing Section 2255 Proceedings. *See Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001) (in context of Rule 4(c)(1), Fed.R.App.P.,

---

[2] Although the attachments are not authenticated, Petitioner does not take issue with the facts proffered by Respondent. Rather, Petitioner acknowledges that he did not use the prison legal mail system. He argues that "the fact that Petitioner placed the Motion in the general correspondence rather than the legal mail system is a distinction without a significant difference." (CV Dkt. 14, p. 4).

[3] Respondent proffers that FCI Ashland's mailroom supervisor, Cathy Wyatt, reported that her records indicate that Petitioner sent general correspondence via certified mail on February 19, 2009 and on March 18, 2009, consistent with Petitioner's contentions. She explains that a mailbag is available to inmates in their quarters, in which they may deposit pre-stamped mail as outgoing general correspondence. Certified mail is removed and recorded as to inmate name, date, and certified mail number. This type of mail does not receive the "legal mail stamp."

Although Wyatt's report is not a matter of record, Petitioner does not object to Respondent's proffer. In any event, the resolution of the timeliness of Petitioner's § 2255 motion does not turn on Wyatt's proffered statements. The material facts, (1) that on February 18, 2009, Petitioner deposited his motion in the institution's general correspondence mail system rather than the legal mail system, and (2) Petitioner's February 18th mail was incorrectly addressed, are acknowledged by Petitioner. Indeed, Petitioner agrees that an evidentiary hearing is unnecessary in this matter (CV Dkt. 14, p. 17).

if "a prison maintains two internal mail systems, one for regular mail and another for legal mail, the prisoner gains the benefit of the mailbox rule only if he deposits his notice of appeal in the system designed for legal mail."); *United States v. Harris*, 333 Fed. Appx. 720 (4th Cir. 2009)(same); *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (in context of § 2254 proceeding, if "the prison has a legal mailing system, then the prisoner must use it as the means of proving compliance with the mailbox rule."). Petitioner's contention that there is no significant difference between the general correspondence system and the legal mail system at FCI Ashland is not persuasive, as that contention essentially ignores the express requirement of Rule 3(d) that the legal mail system be used before an inmate receives the benefit of the "mailbox rule."

Petitioner argues for equitable tolling, contending "that a petition should not be dismissed when the petitioner 'had done all that could be reasonably expected to get the letter to its destination within the requisite period of time.'" (CV Dkt. 14, p. 6)(citing *Vanderberg v. Donaldson*, 259 F.3d 1321, 1325-26 (11th Cir. 2001)). Petitioner contends that sending his motion via certified mail in February was all that he could reasonably have done. (Id.) Additionally, Petitioner argues that he should not be penalized for failing "to discern between two arguably correct addresses." (CV Dkt. 14, p. 5).

"The timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, No. 09-5327, 2010 U.S. Lexis 4946, at *7 (S. Ct. June 14, 2010); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner has the burden of demonstrating a basis for equitable tolling. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000). The extraordinary remedy of equitable tolling is available if Petitioner demonstrates extraordinary circumstances precluded him from filing timely which were beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d at 1271. Petitioner must also demonstrate

that he did "all that could reasonably be expected to get the letter to its destination" within the prescribed time. *Fallen v. United States*, 378 U.S. 139, 144 (1964).

The record demonstrates that Petitioner did not do all that he reasonably could have done to insure that his motion was timely filed. Petitioner did not use the prison's legal mail system, instead relying on the general correspondence mailing system. Moreover, it is undisputed that Petitioner initially mailed his § 2255 motion to the wrong address. The manner of addressing and mailing his motion was within the sole control of Petitioner. He has not demonstrated that extraordinary circumstances beyond his control precluded him from filing timely.

Petitioner's diligence in correcting his error is questionable in light of his ability to "immediately" re-mail the motion to the correct address after it was returned to him as undeliverable. As Respondent points out, Petitioner offers no explanation for why, if it took nearly a month for him to receive the returned, wrongly addressed envelope, he was able to "immediately" re-mail it to the correct address and why the correct address was not available to him initially.

Petitioner's failure to correctly address his mail and failure to use the available prison legal mail system precludes application of the mailbox rule. He is not eligible for equitable tolling because he had sole control over whether his mail was correctly addressed and mailed in time for it to be timely filed. Accordingly, Petitioner's § 2255 motion to vacate is untimely.

## EVIDENTIARY HEARING

An evidentiary hearing is unnecessary as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*. Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DISMISSED. The clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this 9th day of July, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record